NOT FOR PUBLICATION
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

**FILED**

JUN 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AMOS L. MCLEMORE,

Plaintiff-Appellant,

v.

NANCY A. BERRYHILL, Acting
Commissioner Social Security,

Defendant-Appellee.

No.    16-35409

D.C. No. 3:15-cv-00743-BR

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 19, 2018**

Before:    LEAVY, TROTT and SILVERMAN, Circuit Judges.

Amos McLemore appeals the district court's judgment affirming the

Commissioner of Social Security's denial of his application for social security

supplemental security income under Title XVI of the Social Security Act.  We

have jurisdiction under 28 U.S.C. § 1291.  We review de novo, *Ghanim v. Colvin*,

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting McLemore's testimony regarding the debilitating effects of his symptoms: (1) he had a poor work history; (2) the objective medical evidence of physical impairments contravenes the severe degree of physical impairments alleged; and (3) there were inconsistencies between his subjective complaints and activities of daily living. *See Thomas v. Barnhart*, 278 F.3d 947, 959 (9th Cir. 2002) (affirming an ALJ's determination the claimant's little propensity to work "negatively affected her credibility regarding her inability to work"); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility); *Ghanim v. Colvin*, 763 F.3d 1154, 1165 (9th Cir. 2014) ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."). The ALJ erred in finding that McLemore's work on a landscaping crew while in prison "contravenes the severe degree of physical impairments alleged" because McLemore worked on the crew before his back injury and surgery in 2010. However, this error was harmless because the ALJ gave other specific, clear and convincing reasons for finding McLemore not credible. *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The ALJ gave specific and legitimate reasons for giving only "limited weight" to Dr. Dean's opinion because (1) she did not review any records and relied on McLemore's less than credible self-report; and (2) her opinion that McLemore cannot sustain employment without accommodations was inconsistent with McLemore's activities of daily living. *See Reddick v. Chater*, 157 F.3d 715, 727 (9th Cir. 1998) (holding that the opinion of a consulting examiner based on a one-time examination of the claimant with no review of the medical records is of little value); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 602-03 (9th Cir. 1999) (upholding ALJ's discounting results of psychological testing conducted by examining psychologist in part because claimant was "not entirely credible"); *cf. Buck v. Berryhill*, 869 F.3d 1040, 1049 (9th Cir. 2017) (holding the rule allowing an ALJ to reject opinions based on self-reports does not apply in the same manner to opinions regarding mental illness, which "will always depend in part on the patient's self-report"); *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) (holding that an ALJ can reject statements that conflict with claimant's ability to perform various activities).

The ALJ did not err in failing to consider whether McLemore met or equaled the criteria for Listing 12.05C, which pertains to intellectual disability. McLemore failed to show a full-scale IQ between 60 and 70. Although Dr. Dean assessed a

3                                                                    16-35409

full-scale IQ of 63, Dr. Dean's own report cast doubt on the validity of this IQ score. Also, the record does not indicate that McLemore exhibited intellectual disability with an onset before age 22. Accordingly, the ALJ did not commit reversible error by failing to consider whether McLemore met the requirements of Listing 12.05C, and McLemore does not meet his burden of presenting evidence establishing an impairment that met or equaled the criteria for Listing 12.05C. *See Burch*, 400 F.3d at 683.

**AFFIRMED.**